CARLSON, Presiding Justice,
specially concurring:
¶ 41. On at least three prior occasions over the past ten years, I have suggested that prosecutors tread on thin ice each time they persist in submitting a flight instruction. Sanders v. State, 63 So.3d 497, 509-10, ¶¶ 37-43 (Miss.2011) (Carlson, P.J., Specially Concurring, joined by Waller, C.J., and Lamar, J., joined in part by Kitchens, J.); Shumpert v. State, 935 So.2d 962, 973-76, ¶¶ 46-52 (Miss.2006) (Carlson, J., Specially Concurring, joined by Waller, P.J., and Diaz, Easley and Dickinson, JJ., joined in part by Graves, J.); and Randolph v. State, 852 So.2d 547, 567-68, ¶ 70 (Miss.2002) (Carlson, J., Specially Concurring, joined by Smith, P.J., and Waller and Cobb, JJ.).
¶42. I state again what I stated in Randolph:
[T]he use of the flight instruction in this state can be described in one word— “dangerous.” In my years of experience as a trial judge, the flight instruction was very seldom requested by the prosecution and almost never given. It simply is not needed. While evidence of flight might be relevant, no legitimate purpose is served by the jury receiving an instruction from the trial court (which heightens the importance of the evidence in the eyes of the jury) highlighting for the jury the fact that the jury can consider evidence of flight as “a circumstance of guilt or guilty knowledge” when “that flight is unexplained and somehow probative of guilt or guilty knowledge.” See Reynolds v. State, 658 So.2d 852, 856 (Miss.1995); Fuselier v. State, 468 So.2d 45, 57 (Miss.1985). The term “unexplained flight” is somewhat nebulous, anyway, and a trial court, by giving a flight instruction, simply puts itself in a position of possibly placing reversible error in an otherwise clean record. If a trial court persists in giving a flight instruction, I suggest that it do so with great caution.
Randolph, 852 So.2d at 567-68 (Carlson, J., Specially Concurring).
¶ 43. As Justice Dickinson correctly concludes in his majority opinion, there was overwhelming evidence of Shawn States’s guilt, which makes the prosecutor’s erroneous and ill-advised decision in this case to submit a flight instruction even more perplexing. But prosecutors should take note that, in today’s case, this Court has found error in the trial court’s grant of a flight instruction because (1) Shawn States’s flight was not unexplained and (2) evidence of Shawn’s flight did not have considerable probative value. (Maj. Op. at ¶ 37). See Randolph, 852 So.2d at 564-65 (citations omitted). The State escaped a reversal of two capital murder convictions and consecutive life-without-parole sentences, only because this error of granting a flight instruction was deemed harmless based on the record before us. A different record would have produced a different result.
¶ 44. In my opinion, with the prosecutors having been duly warned on multiple occasions about the danger of submitting flight instructions, there can be no legitimate hue and cry from the State in the future if this Court or the Court of Appeals reverses a criminal conviction based on the trial court’s improper grant of a flight instruction, which had been improvidently submitted by the prosecutor.
*760 ¶ 45. Without belaboring the point, having had my say once again on the issue of flight instructions, I concur with the majority opinion authored by Justice Dickinson.
WALLER, C.J., DICKINSON, P.J., LAMAR AND CHANDLER, JJ., JOIN THIS OPINION.